USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1510 GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION, Appellant, v. PETER M. BELLI, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Selya and Boudin, Circuit Judges, ______________ and Dowd,* Senior District Judge. _____________________ ____________________ Richard W. Gannett with whom Gannett & Associates was on brief ___________________ ____________________ for appellant. Harland L. Smith for appellee. ________________ ____________________ December 10, 1997 ____________________  ____________________ *Of the Northern District of Ohio, sitting by designation. Per Curiam. The General Electric Mortgage Insurance ___________ Corporation ("GEMIC") appeals from the district court's order affirming the refusal of the bankruptcy court to declare non- dischargeable because of fraud a debt owed to it by Peter M. Belli. 11 U.S.C. 523(a)(2)(A)-(B). Unfortunately for GEMIC, the facts now relied upon to show fraud were not proved at trial in the bankruptcy court. Accordingly, we affirm. GEMIC insured loans for the First Mark Mortgage Corporation of Emerald Isle, North Carolina ("First Mark"), which in 1990 lent Belli $126,800, secured by a mortgage. Belli defaulted. GEMIC made good the deficiency, First Mark assigned its rights to GEMIC, and GEMIC in turn won a state court judgment against Belli on October 20, 1993, for the sum of $58,719.08, the principal amount still owed to GEMIC after the foreclosure sale of the mortgaged property. Belli did not pay this sum but instead filed for bankruptcy under Chapter 7 on February 18, 1994. On May 27, 1994, GEMIC filed a complaint asking the bankruptcy court to declare the debt non-dischargeable on the ground that Belli had lied on his loan application concerning the terms of his employment and the amount of his liabilities; the complaint did not assert that Belli had overstated his assets. After some discovery, a bench trial was held on July 19, 1995, which consisted largely of the -2- -2- direct examination and cross-examination of Belli, who was the only witness to testify. The bankruptcy court dismissed GEMIC's complaint and later denied GEMIC's motion for relief from final judgment. GEMIC appealed these rulings to the district court, which affirmed. On appeal, GEMIC tells us that Belli's loan application overstated his gross monthly income, understated his outstanding debts, and--most important--misrepresented his ownership interest in certain assets. Belli had claimed ownership of two parcels of land valued at $435,000; but GEMIC now tells us that Belli had previously lost one parcel due to foreclosure and had conveyed most of his interest in the other, so that his equity in the two properties was actually approximately $250. Had GEMIC proved at trial the misrepresentations now described, it would have gone far toward proving that the judgment earlier won by GEMIC was non-dischargeable under section 523. We were surprised therefore to discover that the trial record does not contain proof of the alleged misrepresentations. Instead, it shows that the only witness called was Belli himself who, although vigorously cross- examined by GEMIC counsel, declined to admit that his loan application was materially false. To explain the absence of proof, GEMIC says that one of its own witnesses was unexpectedly unavailable; but absent -3- -3- extreme circumstances, refusal to defer a scheduled trial where a party fails to produce its own witness is within the sound discretion of the trial court. GEMIC also complains that the district court refused to enforce a subpoena to require Belli's former employer to appear at trial with records as to Belli's former salary; but GEMIC had sought to serve the subpoena only the day before trial and the witness was out of state. GEMIC had failed to preserve the employer's testimony by deposition. GEMIC next says that Belli did not adequately respond to discovery; specifically, he failed to produce prior tax returns, saying they had been lost. But GEMIC itself waited until the last day to submit its discovery requests and, more important, did not complain to the trial court until five days before trial even though it had had Belli's responses for a month. Nor did GEMIC move in timely fashion to compel Belli to sign an authorization so that it could itself secure the tax documents from the Internal Revenue Service. As for the misrepresentations concerning property ownership, it appears that GEMIC did not discover these facts until a title search was performed after trial. The results were the basis for GEMIC's motion for relief from final judgment. But GEMIC has never explained why, with due diligence, it could not have discovered the same information prior to trial. In these circumstances, the trial court was -4- -4- certainly not obliged to let GEMIC reopen matters to repair the record. This case involved a relatively small sum for GEMIC and, even if it had prevailed in making the debt non- dischargeable, it might never have seen a penny. Perhaps this justified it in stinting on trial preparation and gambling that Belli might be forced on cross-examination to admit the necessary facts. But having gambled and lost in the trial court, GEMIC cannot expect rescue on appeal. Affirmed. ________ -5- -5-